FILED 17 NOV '11 15:17 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LALEH NAZ ZAHEDI, naturalized citizen of Iranian descent, | No. 3:11-cv-00446-JO |
| Plaintiff, | |
| v. | OPINION AND ORDER |
| COLLEEN ANDERSON, an agent of the Internal Revenue Service; ET AL., | |
| Defendants. | |

Thomas H. Nelson
P. O. Box 1211
Welches, OR 97067-1211

  Attorney for Plaintiff

Zachary C. Richter
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division, Constitutional Torts Section
P. O. Box 7146, Ben Franklin Station
Washington, D.C. 20044

Jonathan E. Zimmerman
UNITED STATES DEPARTMENT OF JUSTICE
Civil Division - Federal Programs Branch
20 Massachusetts Avenue, N.W., Room 7116
Washington, D.C. 20001

    Attorneys for Defendants

JONES, Judge:

Plaintiff brings this action for injunctive, declaratory, and monetary relief against the Department of Justice, the Federal Bureau of Investigation, the Internal Revenue Service, and two individual defendants, Colleen Anderson and David Carroll, alleging a Bivens[1] claim against the individual defendants and Federal Tort Claims Act ("FTCA") claims against the government defendants.

The case is now before the court on defendants' motions (# 6, 8) to dismiss all claims. For the reasons stated below, defendants' motions are granted and this action is dismissed with prejudice.

## STANDARD

A complaint may survive a Rule 12(b)(6) motion to dismiss for failure to state a claim if it contains "enough facts to state a claim to relief that is plausible on its face." Coto Settlement v. Eisenberg, 593 F.3d 1031, 1034 (9th Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)). The court must "construe the complaint in the light most favorable to the plaintiff, taking all her allegations as true and drawing all reasonable inferences from the complaint in her favor." Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005).

---

[1]     Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

2 - OPINION AND ORDER

BACKGROUND

This is the second action plaintiff has filed in this court. In her first complaint, Zahedi v. Department of Justice, et al., Civil No. 10-694-JO (dismissed with prejudice on May 16, 2011), plaintiff sought recovery against the same defendants under the Privacy Act of 1974, the Freedom of Information Act, and Federal Declaratory Judgment Act, based on factual allegations virtually identical to the allegations in her present complaint. Because plaintiff's factual allegations and the other relevant background information are thoroughly summarized in my earlier opinion, see Zahedi v. Department of Justice, et al., (Opinion and Order, May 16, 2011 (dkt. # 22), I will not repeat that background information here.

DISCUSSION

The government defendants and the individual defendants all move to dismiss plaintiff's complaint on multiple grounds, but the critical and ultimately dispositive issue is whether the present litigation is barred by the doctrine of res judicata. I conclude that it is, and consequently dismiss this action with prejudice.

Res judicata bars litigation in an action on "'any claims that were raised *or could have been raised*'" in a previous action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original; quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). For res judicata to apply, there must be "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." Stewart, 297 F.3d at 956 (internal quotations and citation omitted). A party cannot "avoid the bar of res judicata merely by alleging conduct by the defendant not alleged in [the] prior action or by pleading a new legal theory." McClain v. Apodaca, 793 F.2d 1031, 1034 (9th Cir. 1986); see also Dixon v. U.S.

Postal Service, 2011 WL 2748615 at * 3 (N.D. Cal. July 14, 2011). The "'central criterion in determining whether there is an identity of claims between the first and second adjudications is "whether the two suits arise out of the same transactional nucleus of facts."'" Owens, 244 F.3d at 714 (quoting Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000)).

Plaintiff does not dispute, nor could she, that the parties in the two actions are identical and that her previous litigation ended with a final judgment on the merits. She contends, however, that her present claims could not have been raised in the previous litigation and therefore are exempt from application of res judicata. Plaintiff focuses on her FTCA claims, contending that those claims could not have been raised until after the administrative process was exhausted in mid-March 2011. See 28 U.S.C. § 2675(a).[2]

Plaintiff's argument is unpersuasive. First, she admits that she received notice that the administrative process had been exhausted by mid-March 2011, two months before I dismissed her previous action. Second, plaintiff fails to explain how or why the FTCA administrative process affected her ability to allege her Bivens claims against the individual defendants in the previous action. But most importantly, plaintiff's argument fails under Ninth Circuit precedent.

In Owens, the Ninth Circuit addressed, as a matter of first impression, whether res judicata applies where the plaintiffs could not bring a Title VII claim in their first action "in light of the fact that they had not yet received their 'right to sue' letters from the EEOC." 244 F.3d at 714. In holding that res judicata applied, the court stated:

---

[2] The FTCA provides in part that "[a]n action shall not be instituted upon a claim against the United States for money damages . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail . . . ." 28 U.S.C. § 2675(a).

4 - OPINION AND ORDER

> Though we have never addressed this issue in a published opinion, we now join
> our sister circuits in holding that Title VII claims are not exempt from the doctrine
> of res judicata where plaintiffs have neither sought a stay from the district court
> for the purpose of pursuing Title VII administrative remedies nor attempted to
> amend their complaint to include their Title VII claims.
>
> * * *
>
> Appellants had ample time to secure "right to sue" letters prior to filing
> their first action in November of 1995. Alternatively, they could have sought a
> stay from the district court pending their administrative proceedings before the
> EEOC. In light of Appellants' failure to exercise either option, we conclude that
> their Title VII claims are barred by the doctrine of res judicata.

Owens, 244 F.3d at 715; see also Dixon, 2011 WL 2748615 at *5 (res judicata applies where

plaintiff's failure to exhaust FTCA administrative remedies prevented her from bringing the

claim in her first action, citing Owens); Stone v. Department of Aviation, 453 F.3d 1271, 1278-

79 and n.9 (10th Cir. 2006). As the district court explained in Dixon:

> Res judicata applies even if the failure to exhaust administrative remedies
> prevented the party from bringing both actions in the first suit. Owens, 244 F.3d
> at 714-15. . . . [W]ith a failure to exhaust administrative claims, . . . "as masters
> of their own claims," plaintiffs can file their lawsuits in a manner where both
> claims can be heard.

Dixon, 2011 WL 2748616 at * 5 (citation omitted).

Here, nothing prevented plaintiff from seeking to amend her complaint or stay this action

before judgment was entered in May 2011. In light of the above, the doctrine of res judicata

precludes this action from proceeding against all defendants.[3] Consequently, I grant defendants'

motions (## 6, 8) to dismiss.

---

[3] Because of this disposition, I do not reach defendants' other arguments, but note that the arguments are well-taken.

5 - OPINION AND ORDER

## CONCLUSION

Defendants motions (## 6, 8) to dismiss are GRANTED and this action is dismissed with prejudice. Any other pending motions are denied as moot.

DATED this 17th day of November, 2011.

_____
ROBERT E. JONES
U.S. District Judge

6 - OPINION AND ORDER